# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## BAY CITY DIVISION

| | |
|---|---|
| GORDON MONROE HARMON, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT SERVICES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 1:21-cv-11209 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes GORDON MONROE HARMON ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of CREDIT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing within the Eastern District of Michigan.

5. Defendant is a third party debt collector who is "committed to providing the business and professional community with complete and comprehensive collection and credit services."[1] Defendant is a corporation organized under the laws of the state of Mississippi with its principal place of business located at 304 Quincy Street, Hancock, Michigan 49930. Defendant regularly collects upon consumers located in the State of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://www.csipays.com/about.php

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted medical bills ("subject debt") that Plaintiff purportedly owes.

8. Upon information and believe, the originator of the subject debt placed it with Defendant for collection purposes.

9. Several years ago, Plaintiff began receiving calls to his former cellular phone number, (586) XXX-1896, from Defendant.

10. Once Plaintiff acquired the cellular phone number, (586) XXX-5983, Defendant began collection calls to this phone number.

11. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phones ending in –1896 and -5983. Plaintiff is and always has been financially responsible for the cellular phones and its services.

12. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone number, including but not limited to: (800) 522-5346 and (906) 482-7415.

13. Upon information and belief, the above referenced phone numbers ending in -5346 and -7415 are regularly utilized by Defendant during its debt collection activities.

14. Upon speaking with Defendant's representative, Plaintiff was informed that Defendant was seeking to collect on the subject debt.

15. During Plaintiff's phone conversation with Defendant, he disputed owing the subject debt and requested that Defendant cease placing phone calls to his cellular phone.

16. Instead of honoring Plaintiff's request, Defendant falsely informed Plaintiff that he would need to make any cease and desist request in writing. However, Defendant refused to provide Plaintiff with the address of where he can mail this request.

17. Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt, notwithstanding its knowledge that Plaintiff had demanded that the phone calls stop.

18. Plaintiff has received dozens of phone calls from Defendant seeking collection of the subject debt even after Plaintiff requested that Defendant cease contacting him.

19. Frustrated and angered over Defendant's conduct, Plaintiff spoke with his undersigned attorneys regarding his rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal

injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Furthermore, §1692d(5) prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to cease placing calls to his cellular phone. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**b. Violations of the FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

6

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him, which it lost after becoming aware that Plaintiff was represented by counsel and after Plaintiff demanded that the calls stop.

34. Furthermore, Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it falsely informed Plaintiff that the only way Defendant can cease placing calls to his cellular phone is if he mails a written cease and desist request . Defendant's representative's statement mislead Plaintiff to believe that the only way to stop Defendant from placing calls to his cellular phone would be through a written cease and desist request. However, Defendant refused Plaintiff with the address of where to mail his cease and request. Through its action, Defendant falsely represented to the Plaintiff that he did not really have a way to prevent Defendant from placing calls to his cellular phone.

35. Lastly, Defendant violated §1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, during the phone calls between the parties, even though Plaintiff explained to Defendant that he does not owe the subject debt.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Additionally, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff did not owe. It was unfair for Defendant to attempt to collect the subject debt from Plaintiff that he does not owe.

39. Lastly, Defendant violated §1692f when it falsely informed Plaintiff that the only way Defendant could cease placing phone calls to Plaintiff is if he mailed Defendant a cease and desist letter and then refused to provide him with the mailing

8

address of the location where this letters needs to be mailed. It was unfair for Defendant to represent to Plaintiff that the only way he could request that Defendant cease calling him was in writing.

40. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, GORDON MONROE HARMON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

43. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

44. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

   a. **Violations of M.C.L. § 339.915(f)(ii)**

45. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

46. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff despite him demanding that it cease contacting him. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling his cellular phone. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

47. Furthermore, through its representation that the subject debt was due and owing by Plaintiff. Defendant misrepresented the extent to which Defendant and the original creditor of the subject debt had a legal right to collect the subject debt from Plaintiff, when in fact Plaintiff did not owe the subject debt.

### b. Violations of M.C.L. § 339.915(n)

48. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

49. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff dozens of times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

### c. Violations of M.C.L. § 339.915(q)

11

50. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

51. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that, upon a debt being placed with it for collection, the consumer actually owes the debt sought to be collected.

52. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that he did not owe the subject debt and he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, GORDON MONROE HARMON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

   c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

   d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

   f. Enjoining Defendant from further contacting Plaintiff; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 24, 2021                                                        Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com